Citation Nr: 1504648 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 11-15 202 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to service connection for gum disease with loss of teeth numbers 6 to 11, to include as secondary to service-connected tooth number 8.


REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

K. Haddock, Counsel 

INTRODUCTION

The Veteran had active military service from October 1963 to October 1966. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a December 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon. 

In connection with this appeal, the Veteran testified at a hearing before the undersigned Veterans Law Judge at the RO in June 2012. A transcript of that hearing has been associated with the claims file. 

This case was previously before the Board in February 2014, at which time it was remanded for additional development. The case has now been returned to the Board for further appellate action. 


REMAND

The Board finds that additional development is required before the claim on appeal is decided. 

In the February 2014 remand, the Board requested that the Veteran be provided a VA examination to determine the nature and etiology of any current dental disabilities, to include gum disease and loss of teeth numbers 6 through 11. The examiner was specifically requested to provide an opinion as to whether any current dental disability was caused or aggravated by service-connected tooth number 8, to include the original in-service trauma and repair work to tooth number 8. 

A review of the record shows that the Veteran was provided the directed examination in May 2014. The examiner diagnosed "[t]ooth non-restorable and needs to be extracted meaning current bridge would need to be sectioned and then removed." 

In June 2014, the VA examiner provided an addendum opinion in which she opined that the Veteran's teeth problems were secondary to caries, periodontal disease, and problems with the root canal on tooth number 8. She did not provide any additional rationale for the opinion expressed or define what tooth problems were due to problems with the root canal. 

The Board finds the May 2014 VA examination and June 2014 VA medical opinion are incomplete for adjudication purposes. In the diagnosis section of the VA examination report, the examiner did not identify which teeth were non-restorable, so there is not a clear diagnosis. Further, there is no indication from the examination report that the Veteran was able to provide a historical background regarding longstanding dental problems and treatment. Additionally, while the examiner provided an opinion as directed, the examiner did not provide an opinion regarding secondary service connection and did not provide a rationale for the opinion provided. 

Therefore, the Board finds that the development conducted does not comply with the directives of the February 2014 remand. Compliance with a remand is not discretionary, and failure to comply with the terms of a remand necessitates remand for corrective action. Stegall v. West, 11 Vet. App. 268 (1998). Accordingly, the Veteran should be scheduled for a VA examination to determine the nature and etiology of all current dental disabilities, to include gum disease with loss of teeth numbers 6 to 11. 

Additionally, attempts to identify and obtain current treatment records should be made before a decision is made in this case. 

Accordingly, the case is REMANDED for the following action:

1. Identify and obtain any outstanding VA and private treatment records that are not already associated with the claims file.

2. Then, schedule the Veteran for a VA dental examination to determine the nature and etiology of any current dental disabilities, to specifically include any gum disease and loss of teeth numbers 6 to 11. The claims file must be made available to and reviewed by the examiner. Any indicated studies should be performed. The rationale for all opinions expressed must be provided. Based upon the examination results and the review of the record, the examiner should provide an opinion as to whether any current dental disability, to specifically include gum disease and loss of teeth numbers 6 to 11, was at least as likely as not (50 percent probability or greater) caused by service-connected tooth number 8, to include the original trauma to tooth number 8 in service and all subsequent treatment of tooth number 8. The examiner should also provide an opinion as to whether any current dental disability, to specifically include gum disease and loss of teeth numbers 6 to 11, was at least as likely as not (50 percent probability or greater) aggravated (permanently worsened beyond the natural progress of the disorder) by service-connected tooth number 8, to include the original trauma to tooth number 8 in service and all subsequent treatment of tooth number 8.

3. Then, readjudicate the claim. If the decision is adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the claim to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).